861 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
STATE OF MARYLAND, State Executive Department, University of
Maryland, Center of Adult Education, University of Maryland
at Baltimore, Richard G. Vicens, Director, Office of
Facilities Management, University of Maryland at Baltimore,
Defendants-Appellees.
 No. 87-3897.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 28, 1988.
Decided Sept. 22, 1988.
 
 Curtis L. Wrenn, appellant pro se.
 Lawrence White, Office of the Attorney General of Maryland, for appellees.
 Before DONALD RUSSELL, K.K. HALL, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis L. Wrenn appeals from the district court's order granting the defendants' motion for summary judgment. Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit.* Accordingly, we affirm on the reasoning of the district court. Wrenn v. State of MD, et al, CA-83-1292 (D.Md., Oct. 30, 1987). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 2
 AFFIRMED.
 
 
 
 *
 We note that the district court incorrectly held that Wrenn's Sec. 1983 action, which was based on the fourteenth amendment and Title VII, was barred because Title VII and the Age Discrimination in Employment Act provide the exclusive remedy in this case. See Keller v. Prince George's County, 827 F.2d 952 (4th Cir.1987). Nevertheless, because Wrenn failed to make out a prima facie case of discrimination, summary judgment was properly granted in favor of the defendants. See Guillory v. St. Landry Parish Police Jury, 802 F.2d 822 (5th Cir.1986), cert. denied, 55 U.S.L.W. 3820 (U.S. June 8, 1987) (No. 86-6392). (Title VII and Sec. 1983 require the same prima facie case)